UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **LOUIS FORGES**, an individual, **PIERRE FORGES**, an individual, **SONY FORGES**, an individual, and **WILVIC DERISME**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**BLOODMONEY, LLC** (d/b/a Naples Boat Yard), a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:20-cv-760<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COME** the Plaintiffs, **LOUIS FORGES**, an individual, **PIERRE FORGES**, an individual, **SONY FORGES**, an individual, and **WILVIC DERISME**, an individual (collectively "Plaintiffs"), by and through undersigned counsel, and states the following for their Complaint:

**CAUSES OF ACTION**

1. This is an action brought under 42 U.S.C. §1981 and the Fair Labor Standards Act for (i) racial/national origin discrimination, and (ii) unpaid overtime.

**PARTIES**

2. The Plaintiff, **LOUIS FORGES** ("**LOUIS**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. **LOUIS** is from Haiti and is black.

1

3. The Plaintiff, **PIERRE FORGES** ("**PIERRE**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. **PIERRE** is from Haiti and is black.

4. The Plaintiff, **SONY FORGES** ("**SONY**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. **SONY** is from Haiti and is black.

5. The Plaintiff, **WILVIC DERISME** ("**WILVIC**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. **WILVIC** is from Haiti and is black.

6. Defendant, **BLOODMONEY, LLC** ("**BLOODMONEY**" or "Defendant") is a Florida limited liability company with a principal place of business located at 2815 Bayview Drive, Naples, Florida 34112. **BLOODMONEY** does business as Naples Boat Yard, which it purchased on or about September 1, 2018.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

8. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

9. Since 2014, all Plaintiffs were employed at Naples Boat Yard.

10. On or about September 1, 2018, **BLOODMONEY** purchased Naples Boat Yard and inherited the Plaintiffs as employees.

**Racial Discrimination**

11. From September 1, 2018 until approximately December 2019, all Plaintiffs worked under the same supervisor they had worked for since 2014.

12. The Plaintiffs always performed their assigned duties in a professional manner and were very well qualified for their respective positions.

13. However, in December 2019, **BLOODMONEY** terminated the Plaintiffs' long-time supervisor and replaced him.

14. Thereafter, the new supervisor began to subject the Plaintiffs to highly offensive "jokes," which ranged from referring to blacks as slaves, to referring to Haitian religious culture as being uncouth and barbaric, to telling the Plaintiffs that immigrants like them "are taking over this country!," to calling the Plaintiffs "lazy blacks." On one occasion, the supervisor even physically assaulted **SONY** while yelling racial epithets and referring to him as a "lazy black."

15. Whenever all Plaintiffs objected to such "jokes," the conduct only worsened.

16. This culminated in the termination of all Plaintiffs on or about January 15, 2020.

17. On that date, Plaintiffs **LOUIS**, **PIERRE** and **SONY** had taken a lunch break but, due to their car breaking down on the way back to work, were a few minutes late.

18. When they returned, their supervisor said to **LOUIS**, **PIERRE** and **SONY**, "you blacks get out of here, you're fired." He then turned to **WILVIC** and said "since you're black too, go! You're fired!"

19. **BLOODMONEY** then replaced all Plaintiffs with four Caucasian employees.

3

**Unpaid Overtime**

20. All Plaintiffs worked for an instrumentality of interstate commerce because their employer, **BLOODMONEY**, operates Naples Boat Yard, which is within the transportation industry. All Plaintiffs regularly performed service work on vessels that routinely travel in interstate commerce, which are registered outside the State of Florida, and which travel on interstate navigable waterways located in the State of Florida, or other states. These vessels also have been transported to **BLOODMONEY**'s repair depot from out-of-state job sites or after **BLOODMONEY** performs repairs or maintenance on them, they are redistributed to job sites in states other than the State of Florida. Furthermore, all Plaintiffs regularly performed work on commercial vessels, particularly those that harvest stone crabs from federal and international waters, which are then sent nationwide and internationally.

21. **BLOODMONEY** has annual gross income in excess of $500,000 and is <u>not</u> primarily engaged in the sale of marine vessels. It is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)), and it has the sole authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like all Plaintiffs. **BLOODMONEY** supervised and controlled all Plaintiffs' work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiffs.

22. All Plaintiffs bring this action against **BLOODMONEY** for legal relief to redress unlawful violations of their rights under the FLSA, specifically depriving all Plaintiffs of their lawful overtime wages.

23. Each Plaintiff was an hourly, nonexempt employee.

24. During each work week from September 1, 2018 to January 15, 2020, each Plaintiff worked in excess of 40 hours without receiving the proper overtime compensation from

**BLOODMONEY**. For example, Plaintiffs often worked through their scheduled lunch hours, but **BLOODMONEY** nevertheless recorded the Plaintiffs as having taken a lunch break. They would often begin work well prior to 8:00 A.M. and often would work past 5:00 P.M., but **BLOODMONEY** intentionally mis-recorded their hours so as to deprive them of their lawful overtime wages.

25. **BLOODMONEY** demanded that the Plaintiffs be available between those hours and they did work for **BLOODMONEY** during that time.

26. **BLOODMONEY** failed to act in good faith under the reasonable belief it had complied with the FLSA.

27. The Plaintiffs are entitled to liquidated damages because **BLOODMONEY** acted willfully or with at least a reckless disregard as to the legality of its pay practices in regard to the Plaintiffs.

**COUNT I – VIOLATION OF 42 U.S.C. §1981**

28. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

29. The Plaintiffs by virtue of their race/national origin are members of a protected class.

30. At all material times, the Plaintiffs were employees and **BLOODMONEY** was their employer.

31. the Plaintiffs engaged in unlawful employment practices prohibited by §1981 by creating, condoning and perpetuating a discriminatory and hostile work environment and interfering with the Plaintiffs' contractual rights because of their race/national origin.

32. **BLOOD MONEY** engaged in unlawful employment practices prohibited by §1981 by creating, condoning and perpetuating a discriminatory and hostile work environment and interfering with the Plaintiffs' contractual rights because the Plaintiffs were treated less favorably than similarly situated employees outside their protected class.

33. **BLOODMONEY** acted with malice and reckless disregard for the Plaintiffs' rights under §1981.

34. Supervisory personnel of **BLOODMONEY** intentionally subjected the Plaintiffs to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of their employment.

35. At all material times, **BLOODMONEY**'s personnel had authority to affect, indirectly or directly, the terms and conditions of the Plaintiffs' employment.

36. **BLOODMONEY**'s personnel intentionally subjected the Plaintiffs to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of their employment and by knowingly failing and refusing to protect the Plaintiffs, and other minorities, from those hostile and abusive conditions.

37. **BLOODMONEY**'s actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning harassment and discrimination:

    a. **BLOODMONEY** employees intentionally subjected the Plaintiffs to unequal and discriminatory treatment by engaging in repeated and persistent acts of unwelcome and offensive racial discrimination and harassment of the Plaintiffs;

    b. **BLOODMONEY** employees have engaged in conduct with other minority employees who have found such conduct to be unwelcome and offensive;

    c. Supervisors and employees of **BLOODMONEY** treated the Plaintiffs and other minorities employees in a degrading, offensive and discriminatory manner because of their membership in protected classes, and **BLOODMONEY** refused to take corrective action;

    d. The Plaintiffs and other members of protected classes were subjected to a discriminatory and hostile work environment because of their such memberships, and **BLOODMONEY** failed and refused to take corrective action;

38. The actions of **BLOODMONEY** were intentional, willful, and malicious and/or in deliberate indifference for the Plaintiffs' clearly established legal rights as secured by 42 U.S.C. § 1981 and the Civil Rights Act of 1991.

39. **BLOODMONEY** could not have believed doing nothing was lawful in light of the clearly established law that racial harassment and discrimination was an infringement of legal rights.

40. The actions of **BLOODMONEY** in intentionally engaging in and condoning racial harassment and discrimination against the Plaintiffs has caused them great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests:

i. All wages and benefits the Plaintiffs would have received but for the discrimination, including pre-judgment interest;

ii. Compensatory damages in an amount to be determined at trial to compensate the Plaintiffs for their depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendant's conduct;

iii. The Defendant be required to pay prejudgment interest to the Plaintiffs on these damages;

iv. A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

v. A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1981, and further requiring that the Defendant adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

vi. A declaratory judgment that the Defendant actions violate federal law;

vii. The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

viii. An award of punitive damages, reasonable attorneys fees, costs, and litigation expenses, and;

ix. Such other relief as the Court may deem just or equitable.

**COUNT II: VIOLATION OF THE FLSA- UNPAID OVERTIME**

41.     The Plaintiffs hereby incorporate Paragraphs 1-10 and 20-27 in this Count as though fully set forth herein.

42. The Plaintiffs were covered, non-exempt employees under the FLSA at all times during their employment with the Defendant.

43. The Defendant was required by the FLSA to pay the Plaintiffs at least time and one-half for all hours worked by the Plaintiffs in excess of 40 hours per week.

44. The Defendant had operational control over all aspects of the Plaintiffs' day-to-day functions during their employment, including compensation.

45. The Defendant was the Plaintiffs' "employer" and is liable for violations of the FLSA in this case.

46. The Defendant violated the FLSA by failing to pay the Plaintiffs at least time and one-half for all hours worked over 40 per week.

47. The Defendant has willfully violated the FLSA in refusing to pay the Plaintiffs proper overtime for all hours worked over 40 per week.

48. As a result of the foregoing, the Plaintiffs have suffered damages of lost wages.

49. The Defendant is the proximate cause of the Plaintiffs' damages.

**WHEREFORE,** the Plaintiffs pray that this Honorable Court enter a Judgment in their favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

**NOW COME** the Plaintiffs, by and through their undersigned attorneys, and demand a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

                                 Respectfully submitted,

Dated: September 30, 2020        **/s/ Benjamin H. Yormak**
                                 Benjamin H. Yormak
                                 Florida Bar Number 71272
                                 Trial Counsel for Plaintiff
                                 YORMAK EMPLOYMENT & DISABILITY LAW
                                 9990 Coconut Road
                                 Bonita Springs, Florida 34135
                                 Telephone: (239) 985-9691
                                 Fax: (239) 288-2534
                                 Email: byormak@yormaklaw.com